**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

APR 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

WILGER CECILIO GOMEZ PEREZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    21-43

Agency No. A216-400-596

MEMORANDUM*

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2023**
San Francisco, California

Before:  S.R. THOMAS and KOH, Circuit Judges, and RAKOFF,*** District Judge.

On May 16, 2018, Petitioner Wilger Cecilio Gomez Perez ("Petitioner"), a

native and citizen of Guatemala, applied for asylum, withholding of removal, and

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

protection under the Convention Against Torture ("CAT"). The Immigration Judge ("IJ") assigned to Petitioner's case denied his applications. Petitioner appealed to the Board of Immigration Appeals ("BIA"), which affirmed the IJ's decision and dismissed Petitioner's appeal, and then sought this Court's review. Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994), in its decision and does not express disagreement with any part of the IJ's decision, we review the decisions of both the BIA and the IJ. *See Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011) (citing *Abebe v. Gonzales*, 432 F.3d 1037, 1040–41 (9th Cir. 2005) (en banc)). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. The first issue raised by Petitioner's appeal is whether the BIA erred in concluding that Petitioner failed to establish eligibility for asylum and withholding of removal based on his membership in a particular social group. Petitioner asserts that he is eligible for asylum and withholding of removal based on his membership in the social group of "Guatemalan young men who attended the University of Mariano Galvez and [are] perceived to be wealthy."

Considering this issue de novo, *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021), we find that Petitioner has failed to show that his proposed social group is defined with particularity and is socially distinct within Guatemala. *Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (requiring that a particular social group be "defined with particularity" and "socially distinct within the society in

2

question"). Our conclusion is supported by precedents rejecting proposed particular social groups based on perceived wealth. *See, e.g.*, *Barbosa v. Barr*, 926 F.3d 1053, 1060 (9th Cir. 2019); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228–29 (9th Cir. 2016). Additionally, Petitioner has not produced sufficient evidence that would show that his proposed social group is perceived as distinct within Guatemalan society, which is required as a matter of law. *See Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 244 (B.I.A. 2014) ("[A] successful case will require evidence that . . . the proposed particular social group . . . is set apart within the society in some significant way. Evidence such as country conditions reports, expert witness testimony, and press accounts of discriminatory laws and policies, historical animosities, and the like may establish that a group exists and is perceived as 'distinct' or 'other' in a particular society."). Because Petitioner's proposed particular social group is not cognizable, his asylum and withholding claims necessarily fail.

2.      The second issue is whether the BIA and the IJ erred in determining that Petitioner did not meet his burden of establishing that, if removed, he would suffer torture either inflicted, instigated, or acquiesced to by a public official in the government of Guatemala. *See* 8 C.F.R. § 208.18(a)(1). We review for substantial evidence the agency's determination that Petitioner is not eligible for CAT protection. *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010).

Here, the IJ found "nothing" in Petitioner's declaration that suggested that the Guatemalan government had harmed Petitioner in the past. The IJ also found no indication that the Guatemalan government intended to instigate others into torturing the Petitioner or to acquiesce to Petitioner's torture. On the basis of these findings, the IJ concluded that Petitioner had failed to establish that the government of Guatemala would either inflict, instigate, or acquiesce to his torture. Our review of the record does not compel a contrary conclusion. *See Shrestha*, 590 F.3d at 1048–49. Thus, we affirm the IJ's decision and the BIA's dismissal of Petitioner's appeal.

The petition is **DENIED.**

4